UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Janie Marie Jones,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>Sunrise MountainView Hospital; Ali Pardis Dana, MD,<br><br>　　　　　　Defendants. | Case No.: 2:14-cv-1301-GMN-NJK<br><br>ORDER |

Pending before the Court is the Motion to Dismiss filed by Defendant Sunrise MountainView Hospital ("Defendant MountainView"). (ECF No. 10). Plaintiff Janie Marie Jones filed a Response, (ECF No. 17), to which Defendant MountainView replied, (ECF No. 21).

## I.     BACKGROUND

This case centers upon Plaintiff's allegations that Defendants caused the death of Abby Jane Whitman by failing to provide adequate medical treatment. (Am. Compl., Ex. A to Petition for Removal, ECF No. 1).

Plaintiff filed this suit in her individual capacity and in her capacity as a co-administrator of Ms. Whitman's estate. In the Amended Complaint, Plaintiff alleges that Ms. Whitman was transported to Defendant MountainView's emergency room on January 7, 2012, due to a "potential overdose of aspirin." (*Id.* at ¶ 5). Plaintiff alleges that Defendant MountainView's staff immediately began evaluating and treating Ms. Whitman when she arrived at the emergency room, but nonetheless failed to recognize that Ms. Whitman's "neurological status had been compromised due to her ingestion of aspirin." (*Id.* at ¶¶ 5-6). As a result, Plaintiff states that Defendants failed to administer the appropriate medical treatments,

which may have included "hemo-dialysis," and/or a "gastric lavage." (*Id.* at ¶ 7). Plaintiff claims that Ms. Whitman died while still in the emergency room, nearly eleven hours after she first arrived. (*Id.* at ¶ 8).

The Amended Complaint sets forth claims for: (1) medical negligence; (2) gross negligence; (3) negligent hiring and supervision; (4) wrongful death; (5) corporate negligence; and (6) violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"). (*Id.* at ¶¶ 9-51). Based on these claims, Plaintiff seeks to recover general and punitive damages, each in excess of $10,000, as well as unspecified amounts in special damages and attorneys' fees. (*Id.* at 9:27-10:7).

In its Motion, Defendant MountainView argues that Plaintiff's EMTALA claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dism., ECF No. 10).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Defendant MountainView argues that Plaintiff's EMTALA claim should be dismissed because it is not supported by sufficient factual allegations to meet the standards set forth in *Iqbal* and *Twombly*.

Pursuant to EMTALA, "If an individual seeks emergency care from a hospital with an emergency room and if that hospital participates in the Medicare program, then 'the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department . . . to determine whether or not an emergency medical condition . . . exists.'" *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1165 (9th Cir. 2002) (quoting 42 U.S.C. § 1395dd(a)). If the hospital's medical staff determines that there is an emergency medical condition, then the staff generally must "stabilize the patient before transferring or discharging the patient." *Id.* (citing 42 U.S.C. § 1395dd(b)(1)).

In the instant case, Plaintiff does not allege that Defendant MountainView failed to provide emergency medical screening or that Ms. Whitman was discharged or transferred prior to being stabilized. Instead, Plaintiff alleges that after Ms. Whitman was screened, Defendants failed to administer adequate treatment to combat the symptoms of her overdose. (Am. Compl. ¶¶ 6-8). It is well established that "a hospital does not violate EMTALA if it fails to detect or if

it misdiagnoses an emergency condition." *Bryant*, 289 F.3d at 1166.  Indeed, the Ninth Circuit has specifically stated that "medical malpractice remedies under state law" are the proper avenue for claims arising from "substandard medical care." *Id.* (citing *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1255 (9th Cir. 1995)).  Therefore, because the Amended Complaint does not indicate that Defendant MountainView failed to carry out proper emergency screening or that it improperly discharged or transferred Ms. Whitman, the Court finds that Plaintiff has failed to sufficiently state a claim arising under EMTALA.  Accordingly, the Motion to Dismiss will be granted.  As the Court is not certain that Plaintiff could not set forth sufficient allegations to raise a plausible EMTALA claim, the dismissal will be without prejudice.  If Plaintiff wishes to file a Second Amended Complaint, she must clearly state the factual allegations that give rise to this claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's EMTALA claim is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 28, 2015**, to file a Second Amended Complaint in this action.  Failure to file by this deadline will result in the **dismissal** of Plaintiff's EMTALA claim **with prejudice**.

**DATED** this 21st day of May, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court